IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLSTATE INSURANCE COMPANY,                    Civ. No. 07-310-AA

       Plaintiff,                           OPINION AND ORDER

    v.

LOUIS JOHN DELORETTO, KATELYN
HALLAM, AND NORTH SANTIAM
SCHOOL DISTRICT 29J,

       Defendants.
_____

Douglas Foley
Katie Buxman
Foley & Buxman, PLLC
Park Tower Five
13115 N.E. 4th Street, Suite 260
Vancouver, Washington 98684
      Attorneys for plaintiff

Ken Ammann
Ashcroft Wiles Ammann LLP
1820 Commercial Street SE
Salem, OR 97302
      Attorney for defendant
      DeLoretto

1 - OPINION AND ORDER

Paul Meadowbrook
913 First Avenue E
Albany, OR 97321
    Attorney for defendant
    Katelyn Hallam

Karen Vickers
Mersereau & Shannon LLP
1 SW Columbia Street
Suite 1600
Portland, OR 97528
    Attorney for defendant
    North Santiam School
    District

AIKEN, Judge:

    Plaintiff filed suit seeking a declaratory judgment that it had no duty to defend or indemnify defendant Louis DeLoretto in a civil proceeding brought by defendant Katelyn Hallam against DeLoretto alleging battery and Fourteenth Amendment violations. Plaintiff's motion for summary judgment is granted.

STANDARD

    Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v.

<u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. <u>Id.</u> at 324.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. <u>T.W. Elec.</u>, 809 F.2d at 630.

<u>BACKGROUND</u>

On October 5, 2005, DeLoretto was convicted of Sex Abuse III for touching Hallam's breasts. Or. Rev. Stat. § 163.415. At the time of the incident, Hallam was a student at North Santiam Stayton High School, the school where DeLoretto taught.

On September 25, 2006, Hallam filed suit in federal court and alleged two claims for relief against DeLoretto: (1) violation of her rights under the Fourteenth Amendment, and (2) battery.

On February 28, 2007, Allstate commenced this action seeking declaratory relief that it is not required to defend or indemnify DeLoretto against Hallam's claims under a Homeowner's insurance policy issued by plaintiff to DeLoretto.

On June 29, 2007, Allstate moved for summary judgment in this case. On July 3, 2007, DeLoretto filed a counterclaim against Allstate, alleging breach of insurance contract.

On October 2, 2007, defendant Hallam amended her complaint in the underlying civil proceeding to include a supplemental claim for negligence. Allstate asserts that its summary judgment motion seeks adjudication as to Hallam's original claims for battery and Fourteenth Amendment violations, and not the claim for negligence.

<u>DISCUSSION</u>

In moving for summary judgment, plaintiff argues that it has no duty to defend or indemnify DeLoretto in the civil proceeding brought by Hallam. Plaintiff relies on an exclusion contained in DeLoretto's insurance policy that excludes from coverage any bodily injury or property damage "which may reasonably be expected to result from the [insured's] intentional or criminal acts" and also any bodily injury "intended" by an insured. Complaint, p. 4. Thus, if DeLoretto's acts were criminal or intentional and Hallam's alleged injuries could reasonably be expected to result from DeLoretto's actions, or if DeLoretto intended to harm Hallam, plaintiff has no duty to defend or indemnify DeLoretto.

I first discuss whether plaintiff has a duty to defend DeLoretto in the underlying action brought by Hallam. <u>Holloway v. Republic Indem. Co. of Am.</u>, 201 Or. App. 376, 384, 119 P.3d 239 (2005) ("Because the duty to defend is independent of the duty to indemnify, and the test for the breach of the former is different

from the test for the breach of the latter, we address each duty separately.").

"Whether an insurer has a duty to defend an action against its insured depends on two documents: the complaint and the insurance policy." Ledford v. Gutoski, 319 Or. 397, 399, 877 P.2d 80 (1994). "First, the court must determine whether the complaint contains allegations of *covered* conduct. If it does, . . . then the insurer has a duty to defend, even if the complaint also includes allegations of excluded conduct. If the complaint does not contain allegations of covered conduct, . . . then the insurer has no duty to defend." Abrams v. General Star Indem. Co., 335 Or. 392, 400, 67 P.3d 931 (2003). Hallam alleges violations of Fourteenth Amendment violations and battery resulting from DeLoretto's sexual assault and harassment. Thus, the issue is whether DeLoretto's actions are covered under the insurance policy.

Plaintiff argues that the intentional acts exclusion of the policy applies, because DeLoretto was convicted of Sex Abuse III as a result of intentionally touching Hallam's breasts. There is a "settled rule in this state that if lack of coverage has been uncontrovertibly established in a separate judicial proceeding, the insurer has no duty to defend." North Pac. Ins. Co. v. Wilson's Distributing Serv., Inc., 138 Or. App. 166, 173, 908 P.2d 827 (1995) (citing Casey v. Northwestern Sec. Ins. Co., 260 Or. 485, 491 P.2d 208 (1971) and Oregon Ins. Guaranty Ass'n v. Thompson, 93 Or. App. 5, 760 P.2d 890 (1988)). Plaintiff argues that when DeLoretto was

convicted for Sex Abuse III, a subjective intent to cause harm was established as a matter of law in a separate judicial proceeding, and therefore, the intentional and criminal acts exclusion contained in DeLoretto's homeowner's insurance policy applies. See State Farm v. Wolf, Civ No. 05-711-AA, 2005 U.S. Dist. Lexis 30091, 8* (D. Or. Nov. 16, 2005) (finding  an intent to injure was inferred when an adult was found guilty of sexually abusing a minor) (citing Mutual of Enumclaw v. Merrill, 102 Or. App. 408, 410, 794 P.2d 818 (1990)). I agree and find that DeLoretto's conviction of Sex Abuse III triggers the intentional and criminal acts exclusion, and that Hallam's claims for battery and Fourteenth Amendment violation do not allege conduct covered by DeLoretto's insurance policy.

The next issue is whether plaintiff is required to indemnify DeLoretto if he is found liable for Hallam's injuries.  While "[t]he duty to defend is triggered by the bare allegations of a pleading[,] . . . the duty to indemnify is established by proof of actual facts demonstrating a right to coverage." Northwest Pump & Equip. Co. v. American States Ins. Co., 144 Or. App. 222, 227, 925 P.2d 1241 (1996).

Here, plaintiff has produced evidence, based on DeLoretto's conviction, that DeLoretto's actions were intentional and criminal. Defendant DeLoretto disagrees, arguing that his criminal conviction is not final and sufficient facts have not been produced in the underlying civil proceeding to establish that Hallam's claim does not fall within the coverage provided by DeLoretto's insurance

6 - OPINION AND ORDER

policy.    DeLoretto's position is not persuasive because he was convicted for Sex Abuse III after trial by jury, thus establishing that DeLoretto's actions fall outside of his insurance policy. See Wolf, 2005 U.S. Dist. Lexis 30091, 8* (D. Or. Nov. 16, 2005); State Farm Fire and Casualty Company v. Sallak, 140 Or. App. 89, 91, 914 P.2d 697 (1996).    Therefore, the intentional and criminal acts exclusion applies, and plaintiff has no duty to indemnify DeLoretto against the battery and Fourteenth Amendment violation claims alleged in the underlying action.    Plaintiff is thus entitled to summary judgment.[1]

CONCLUSION

For the reasons explained above, plaintiff's motion for summary judgment (doc. 10) is GRANTED.

IT IS SO ORDERED.

Dated this   15   day of November, 2007.


               /s/ Ann Aiken
                  Ann Aiken
         United States District Judge

---

[1] Accordingly, plaintiff is also entitled to judgment on defendant DeLoretto's Counterclaim for breach of insurance contract as to the battery and Fourteenth Amendment claims against DeLoretto.